IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

REBECCA CONTRERAS, as Personal
Representative of the Estate of Josh
Leon Contreras, Deceased, and
SHIRLEY SANCHEZ, as Personal
Representative of the Estate of
Ray A. Sanchez, Deceased,

    Plaintiffs,

 vs.               No. Civ. 98-991 SC/RLP

ROADRUNNER DISTRIBUTION, INC.
and BONNIE L. DEVENGER,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendants' Motion for Summary Judgment, filed September 24, 1999 [Doc. No. 54]. The Court, having read the motion, memoranda, and exhibits submitted by the parties, and being apprised of the applicable law, concludes that the motion is partially well taken. The motion will be granted in-part and denied in-part for the reasons set forth below.

**I. BACKGROUND**

This is a wrongful death action arising from a tractor-trailer rig/automobile collision occurring on U.S. Highway 54 in Lincoln County, New Mexico, on September 28, 1995, at approximately 6:00 p.m. Defendant Bonnie L. Devenger was the driver of the tractor-trailer rig and was driving northbound on U.S. 54. At the time of the collision,

Defendant Devenger was an employee of Defendant Roadrunner Distribution, Inc. and, while driving the tractor-trailer rig, acting within the course and scope of her employment. Decedent Josh L. Contreras was the driver of the automobile and was driving southbound on U.S. 54. Decedent Ray A. Sanchez was a passenger in the automobile. As a result of the collision, Decedents Contreras and Sanchez were ejected from the automobile and died at the crash scene from their injuries.

Plaintiffs allege that Defendant Devenger was negligent and negligent *per se* in the operation of her tractor-trailer rig because she failed to keep a proper lookout, failed to maintain control of her vehicle, and failed to take evasive action. Plaintiffs further allege that Defendant Devenger violated the standard of care incumbent upon a commercial truck driver and operated her vehicle in careless, negligent, or reckless manner and with a culpable mental state disregarding the safety of the motor public. Plaintiffs also allege that Defendant Roadrunner Distribution, Inc. is liable for the negligence of Defendant Devenger because it had a duty to control her actions under the doctrines of *respondeat superior*, master and servant, or principal and agent.

Defendants contend that Decedent Contreras crossed the center line into the direct path of Defendant Devenger and that the collision was instantaneous. Defendants further contend that Defendant Roadrunner Distribution, Inc. did not authorize, participate in, or ratify Defendant Devenger's conduct or actions.

## II. LEGAL STANDARD

A motion for summary judgment should be granted only when there is no genuine issue of material fact and, as a matter of law, the moving party is entitled to judgment. See Fed. R. Civ. P. 56(c). A court's job in ruling on a motion for summary judgment is not to weigh the evidence, make credibility determinations, or draw inferences from the facts, but, rather, to determine whether there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 255 (1986). The inquiry a court must make is "whether the evidence presents a sufficient disagreement to require submission to a [fact finder] or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251-52. If a court finds that there are genuine and material factual issues, these issues should be resolved by the fact finder, and summary judgment is precluded. See id. at 248.

When ruling on a motion for summary judgment, a court must construe the facts in the light most favorable to the nonmovant. See Magnum Foods, Inc. v. Continental Casualty Co., 36 F.3d 1491, 1497 (10th Cir. 1994). All doubts must be resolved in favor of the existence of triable issues. See World of Sleep, Inc. v. La-Z-Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir. 1985). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Only then does the burden shift to the nonmovant to come forward with evidence showing that there is a genuine issue of material fact. See Bacchus Indus., Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991).

## III. DISCUSSION

### A. Liability

Defendants' request for summary judgment on the issue of liability appears to be an afterthought. Almost the entirety of Defendants' memorandum goes to why they are entitled to summary judgment as to the issue of punitive damages.[1] Defendants' sole contention as to why summary judgment should be granted on the issue of liability, stated at the conclusion of their punitive damages argument on the last page of their memorandum, is: "In fact Defendant Devenger's actions did not amount to negligence. Therefore, in the alternative, Defendants . . . request summary judgment on Plaintiffs' negligence claim as well." Defs.' Memo. in Supp. of Summ. J. Mot. at 7. Defendants have failed to discharge their initial summary judgment burden. "It is not enough to move for summary judgment without supporting the motion in any way or with a conclusory assertion. . . ." Celotex, 477 U.S. at 328 (White, J., concurring); see U.S. Dist. Ct., Dist. of N.M., Local Rule 56.1(b) ("[M]oving party must file [a] written memorandum containing a short, concise statement of the reasons in support of the motion with a list of authorities relied upon."). Because Defendants have not fully discharged their burden, their motion for summary judgment on the issue of liability must be denied.

---

[1] Additionally, while Defendants' motion for summary judgment is nonspecific as to the issues on which summary judgment is requested, see Defs.' Summ. J. Mot. at 1-2, Defendants request summary judgment only on the issue of punitive damages in the "Conclusion" to their supportive memorandum, Defs.' Memo. in Supp. of Summ. J. Mot. at 7.

**B.      Punitive Damages**

Defendants argue that Plaintiffs are not entitled to punitive damages as to both Defendants Roadrunner Distribution, Inc. and Devenger. Plaintiffs' claim for punitive damages, however, is directed to Defendant Devenger only. See Complaint; Pls.' Memo. Br. to Resp. of Defs.' Summ. J. Mot. at 2.

Punitive damages are allowable directly if "the wrongdoer's conduct [was] willful, wanton, malicious, [or] reckless. . . ." Gonzales v. Sansoy, 103 N.M. 127, 129, 703 P.2d 904, 906 (Ct. App. 1984); see N.M. UJI 13-1827 (1999) (Punitive damages; direct and vicarious liability) (effective for cases filed on or after July 1, 1998).[2] "As punitive damages are in the nature of punishment [and deterrence], it is necessary that there be some evidence of a culpable mental state, whether recklessness or 'utter indifference.'" Id. at 130, 703 P.2d at 907. A culpable mental state may be shown by the risk of danger and the requisite duty of care owed by the alleged wrongdoer. See Clay v. Ferrellgas, Inc., 118 N.M. 266, 269, 881 P.2d 11, 14 (1994); see also Torres v. El Paso Elec. Co., __ N.M. __, __, __ P.2d __, __, 1999 WL 557255 at *10 (June 30, 1999) (discussing recklessness). As the risk of danger increases, the duty of care increases – as does the likelihood that conduct breaching a duty evinces a culpable mental state. See Clay, 118 N.M. at 269, 881 P.2d at 14. "The circumstances define the conduct." Id. Cf.

---

[2] Punitive damages are allowable vicariously against an employer for the misconduct of an employee if the employer authorized, participated in, or ratified the misconduct, and the employee's conduct must satisfy the general requirements for the imposition of punitive damages. See Newberry v. Allied Stores, Inc., 108 N.M. 424, 431, 773 P.2d 1231, 1238 (1989); see also Campbell v. Bartlett, 975 F.2d 1569 (10th Cir. 1992); N.M. UJI 13-1827.

5

Green Tree Acceptance, Inc. v. Layton, 108 N.M. 171, 174, 769 P.2d 84, 87 (1989) ("[T]he enormity and nature of the wrong and any aggravating circumstances" are factors to be weighed in assessing punitive damages).

There is insufficient evidence to support a conclusion that Defendant Devenger's conduct rose to the level of culpability required for the imposition of punitive damages. There is no evidence that Defendant Devenger's conduct was willful, wanton, or malicious. Rather Plaintiffs' allegation appears to be that, under the circumstances, Defendant Devenger was reckless.[3] While Defendant Devenger may have had a higher duty of care given the type of vehicle she was operating, the weight of her vehicle, the type of road she was traveling on, and the road and weather conditions, any negligence on her part did not rise to the level of recklessness or utter indifference. Plaintiffs, therefore, are not entitled to an award of punitive damages against Defendant Devenger.

**NOW, THEREFORE, IT IS ORDERED** that Defendants' Motion for Summary Judgment, filed September 24, 1999 [Doc. No. 54], is **DENIED** as to the issue of liability and is **GRANTED** as to the issue of punitive damages.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] "Recklessness in the context of punitive damages refers to 'the intentional doing of an act with utter indifference to the consequences.'" Torres, __ N.M. at __, __ P.2d at __, 1999 WL 557255 at *10 (quoting N.M. UJI 13-1827 (1999)).

Counsel for Plaintiffs:  James K. Gilman, GILMAN LAW FIRM, Albuquerque, New Mexico, and Joseph M. Ricci, ALEXANDER & RICCI, Colorado Springs, Colorado

Counsel for Defendants:  Louis N. Colón and J. Duke Thornton, BUTT, THORNTON & BAEHR, Albuquerque, New Mexico