IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

REBECCA CONTRERAS, as Personal
Representative of the Estate of Josh
Leon Contreras, Deceased, and
SHIRLEY SANCHEZ, as Personal
Representative of the Estate of
Ray A. Sanchez, Deceased,

    Plaintiffs,

 vs.              No. Civ. 98-991 SC/RLP

ROADRUNNER DISTRIBUTION, INC.
and BONNIE L. DEVENGER,

    Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendants' Motion to Strike Witnesses, filed December 22, 1999 [Doc. No. 79]. The Court, having read the motion, memoranda, and exhibits submitted by the parties, and being apprised of the applicable law, concludes that the motion is well taken.

Trial was initially set in this case for November 29, 1999. The case had been bifurcated into two stages – (1) liability and (2) damages. Plaintiff's initial disclosures pursuant to Rule 26(a)(1) were due November 23, 1998. The Initial Pre-Trial Report was filed on February 18, 1999. Plaintiff's Answers to Interrogatories were provided on March 22, 1999. The discovery deadline was August 2, 1999. The Pre-Trial Order was filed October 20, 1999. Plaintiffs filed their Witness List on November 5, 1999.

In the Pre-Trial Order, Plaintiffs identified eleven witnesses not disclosed earlier. However, because Plaintiffs included only seven of these eleven witnesses in their subsequent Witness List, four of the newly disclosed witnesses are no longer at issue.[1] The witnesses who remain at issue are: (1) Lee Ann Almeida; (2) Liz Martinez; (3) Travis Remy; (4) Ralph Sanchez; (5) Anita Dominguez Sanchez; (6) Ramona Benitez; and (7) Diane Benitez. These witnesses are expected to testify as to damages.

Defendants contend that Plaintiffs failed to disclose damages witnesses prior to the deadline for termination of discovery in this case, in violation of Federal Civil Procedure Rule 26. As a sanction pursuant to Rule 37(c)(1), Defendants request that I strike these witnesses.

Rule 37(c)(1) provides that a party who fails "without substantial justification . . . to disclose information required by Rule 26(a) or 26(e)(1) [which govern initial disclosures and required supplements thereof] shall not, unless such failure is harmless, be permitted to use as evidence at a trial . . . any witness . . . not so disclosed." Fed.R.Civ.P. 37(c)(1). "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co., 170 F.3d 985, 993 (10th Cir. 1999) (internal quotations omitted). While "[a] district court need not make explicit findings

---

[1] These witnesses are: (1) Jerry, c/o Harrison High School; (2) Mr. Beard, Teacher, c/o Harrison High School; (3) Mr. Price, c/o Carmel Middle School; and (4) ____, Supervisor of Supplies, Fort Carson, Colorado.) Defendants' footnoted request to strike these four witnesses is thus moot.

concerning the existence of a substantial justification or the harmlessness of a failure to disclose," there are four factors that should guide the district court's decision. Id. These factors are: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness. See id.; Smith v. Ford Motor Co., 626 F.2d 784, 797 (10th Cir. 1980).

Plaintiffs unquestionably failed to disclose the seven witnesses at issue in a timely manner, in violation of Rule 26. Alluding to, hinting at, or using generalities regarding the identities of witnesses is not disclosure. Plaintiffs have offered no justification for the untimely nature of their disclosure. Furthermore, Plaintiffs' failure to disclose these witnesses in accordance with Rule 26 was not harmless. Discovery has long since closed and trial is on the horizon. Permitting the untimely-disclosed witnesses to testify without Defendants having the opportunity to conduct discovery as to these witnesses, the substance of their testimony, and their impeachability would prejudice Defendants.

**NOW, THEREFORE, IT IS ORDERED** that Defendants' Motion to Strike Witnesses, filed December 22, 1999 [Doc. No. 79], is **GRANTED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiffs:  James K. Gilman, GILMAN LAW FIRM, Albuquerque, New Mexico, and Joseph M. Ricci, ALEXANDER & RICCI, Colorado Springs, Colorado

Counsel for Defendants:  Louis N. Colón and J. Duke Thornton, BUTT, THORNTON & BAHER, Albuquerque, New Mexico