## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

REBECCA CONTRERAS, as Personal
Representative of the Estate of Josh Leon
Contreras, Deceased, and SHIRLEY
SANCHEZ, as Personal Representative
of the Estate of Ray A. Sanchez, Deceased,

        Plaintiffs,

        vs.                           No. Civ. 98-991 SC/RLP

ROADRUNNER DISTRIBUTION SERVICES,
INC. and  BONNIE L. DEVENGER,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiffs' Motion for Pre-Judgment Interest and Supporting Brief, filed July 28, 2000 [Doc. No. 132].  (Defendants' response was filed August 4, 2000, and Plaintiffs' reply was filed August 23, 2000.)  The Court having read the pleadings and being apprised of the applicable law concludes that Plaintiffs' motion is not well-taken.

In a three-sentence motion and supporting brief, Plaintiffs' claim they are entitled to an award of prejudgment interest as a matter of substantive right under N.M. Stat. Ann. § 56-8-4(B) and Southard v. Fox, 113 N.M. 774, 833 P.2d 251 (Ct. App. 1992).  In their reply, citing the same legal authority as in their motion but changing their tack, Plaintiffs contend the Court should exercise its discretion and award them prejudgment interest.  In

their response, Defendants contend that the Court is not required by statute or case law to grant Plaintiffs' request. Defendants further contend that while prejudgment interest in a case such as this could be granted under the trial court's discretionary power, Plaintiffs have provided no support in their motion upon which the Court could exercise such power.

Prejudgment interest is awarded as a matter of right (assuming no countervailing equities) only in cases on money due by contract, money received to the use of another and retained without the owner's consent, and money due on the settlement of matured accounts. See Sunwest Bank of Albuquerque, N.A. v. Colucci, 117 N.M. 373, 377, 378, 872 P.2d 356, 350, 351 (1994); N.M. Stat. Ann. § 56-8-3 (1996 Repl. Pamp). Otherwise, the award of prejudgment interest is discretionary. See Colucci, 117 N.M. at 377, 872 P.2d at 350 (differentiating between § 56-8-3 and § 56-8-4(B)); see also Southard, 113 N.M. at 777, 833 P.2d at 254.

I decline to exercise my discretion in this case. First, Plaintiffs have no statutory right to prejudgment interest under § 56-8-4(B) (or under § 56-8-3), as they implicitly acknowledge in their reply. Second, Plaintiffs have failed to support their contention that prejudgment interest should be awarded them. Their motion fails to provide any factual support and is erroneously premised. Their arguments in their reply, while setting forth factual contentions and the correct legal justification for their claim, constitute new arguments that should have been raised and briefed in their motion so as to allow a

2

response by Defendants.  It would be unfair to Defendants to consider these new arguments.

Alternatively, even if I were to consider Plaintiffs' untimely arguments, I do not agree that I should award prejudgment interest.  Discretionary prejudgment interest is a sanction.  See City of Carlsbad v. Grace, 126 N.M. 95, 105, 966 P.2d 1178, 1188 (Ct. App. 1998).  Its goal is "to foster settlement and prevent delay."  Colucci, 117 N.M. at 378, 872 P.2d at 351; see Gonzales v. Surgidev Corp., 120 N.M. 133, 150, 899 P.2d 576, 593 (1995).  In determining whether to award discretionary prejudgment interest under § 56-8-4(B), the Court should consider, among other things, whether "the plaintiff was the cause of unreasonable delay in the adjudication of [his or her] claims" and whether the defendant previously had "made a reasonable and timely offer of settlement to the plaintiff."  N.M. Stat. Ann. § 56-8-4(B) (1996 Repl. Pamp.); see Colucci, 117 N.M. at 377, 872 P.2d at 350.

Plaintiffs contend that they did not delay the adjudication of their claims.  I will assume this to be true.

Defendants were served with the Complaint on August 25 and August 29, 1998. On November 4 or 5, 1998, Defendants served Plaintiffs an offer of judgment (made under state law) in the amount of $5,000 for full settlement of the claims of the estates of both Josh Contreras and Ray Sanchez.  The offer was timely.  The offer amount of $5,000, although on the low-end, was within the window of reason given the facts of this case at the time the offer was made.  Furthermore, the judgment against the Defendants

3

supports their contention that when they made their offer they believed, in good-faith, that they had little or no liability to Plaintiffs.  While the jury concluded that Defendant Devenger was negligent, they also concluded she was only one percent at fault and Josh Contreras was 99 percent at fault.  Consequently, Defendants were liable for only one percent of the damages suffered by the estates of Josh Contreras and Ray Sanchez – i.e, $5,000 and $45,000, respectively – for a total of $50,000.  I conclude that Defendants' offer of judgment was both timely and reasonable (notwithstanding that it may mistakenly have been made under state law rather than federal).

**THEREFORE, IT IS ORDERED** that Plaintiffs' Motion for Pre-Judgment Interest and Supporting Brief, filed July 28, 2000 [Doc. No. 132], is hereby DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiffs:  James K. Gilman, GILMAN LAW FIRM, Albuquerque, New Mexico, and Joseph M. Ricci, ALEXANDER & RICCI, L.L.C., Colorado Springs, Colorado

Counsel for Defendants:  Louis N. Colón and J. Duke Thornton, BUTT, THORNTON & BAEHR, P.C., Albuquerque, New Mexico