**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

REBECCA CONTRERAS, as Personal
Representative of the Estate of Josh Leon
Contreras, Deceased, and SHIRLEY
SANCHEZ, as Personal Representative
of the Estate of Ray A. Sanchez, Deceased,

        Plaintiffs,

   vs.                                       No. Civ. 98-991 SC/RLP

ROADRUNNER DISTRIBUTION SERVICES,
INC. and BONNIE L. DEVENGER,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Plaintiffs' Application for Review of Clerk's Order Settling Costs for Plaintiffs, filed September 18, 2000 [Doc. No. 140]. The Court, having read the pleadings and being apprised of the applicable law, concludes that Plaintiffs' motion is partially well-taken.

**I.    BACKGROUND**

This is a diversity case. Defendants made an offer of judgment to Plaintiffs in the amount of $5,000.00. The offer was erroneously made pursuant to state law. (The citation of state law rather than federal law may have been inadvertent.) Plaintiffs refused Defendants' offer and the case went to trial. A jury concluded that Defendant Devenger was negligent and found damages in the amount of $500,000.00 for the Estate

of Josh Leon Contreras, Deceased, and in the amount of $4,500,000.00 for the Estate of Ray A Sanchez, Deceased.  The jury also concluded, however, that Defendant Devenger was 1% at fault and Josh Contreras was 99% at fault.  Consequently, Defendants were liable for only 1% of the damages suffered by the Estates of Josh Contreras and Ray Sanchez – i.e, $5,000 and $45,000, respectively – for a total of $50,000.

     Both Plaintiffs and Defendants filed a motion to tax costs.  Both parties alleged they were the prevailing party.  Plaintiffs argued that their costs should be determined according to state law.  Defendants contended that D.N.M.LR-Civ. 54.3 applied to the cost determination and that their allowable costs should be decreased by 1%.  On September 7, 2000, the Clerk of the Court filed two orders settling costs, one for Plaintiffs and one for Defendants.  The Clerk applied federal law to determine the taxable costs.  As to Plaintiffs, the Clerk allowed costs in the amount of $6,413.14 and disallowed costs in the amount of $56,391.63.  However, pursuant to D.N.M.LR-Civ. 54.3, the Clerk decreased the award by 99% to reflect the 99% comparative fault finding by the jury against Plaintiffs.  The final amount taxed by the Clerk against Defendants and in favor of Plaintiffs was $64.13.  As to Defendants, the Clerk allowed costs in the amount of $3,120.80 and disallowed costs in the amount of $621.11.  Pursuant to D.N.M.LR-Civ. 54.3, the Clerk decreased the award by 1% to reflect the 1% comparative fault finding by the jury against Defendants.  The final amount taxed by the Clerk against Plaintiffs and in favor of Defendants was $3,089.59.

Plaintiffs filed an application for review of the Clerk's order settling costs for Plaintiffs. Plaintiffs challenge the Clerk's application of federal law to the determination of costs in this case. Plaintiffs allege that New Mexico Civil Procedure District Court Rules 1-068 and 1-054 should have been applied to the calculation of taxable costs. In the alternative, Plaintiffs request that the Court exercise its discretion under D.N.M.LR-Civ 54.3 and award costs to them that take into consideration the disparity between Defendants' offer of judgment and Plaintiffs' judgment. Plaintiffs also contend that they are the prevailing party, implicitly contending that Defendants are not and, thus, are not entitled to costs. In response, Defendants argue that (1) Plaintiffs' application is untimely because it was filed more than five days after the Clerk's order, and (2) federal, not state, law applies to the cost determination in this case.

## II.     TIMELINESS OF APPLICATION

The Clerk's order regarding the settlement of costs in Plaintiffs' favor was entered September 7, 2000. It was received by Plaintiffs on Friday, September 8, 2000. Plaintiffs served their application on Defendants on Friday, September 15, 2000. Because of delivery difficulties, Plaintiffs did not file their application until Monday, September 18, 2000. Pursuant to the Clerk's order, Plaintiffs' application was timely. However, pursuant to Federal Rule of Civil Procedure 54(d)(1), Plaintiffs' application was one day late, and, thus, untimely.[1]

---

[1] Plaintiffs do not argue that state law (e.g., New Mexico Rule 1-054(D)(3)) applies to the issue of timeliness.

There are two salient timing considerations regarding Plaintiffs' application and Rule 54(d)(1).  The first is whether <u>entry</u> of the Clerk's order taxing costs or <u>receipt of notice</u> of the Clerk's order begins the running of the Rule 54(d)(1) clock.  The second, which Defendants raised, is whether the application must be <u>served</u> or <u>filed</u> before the end of the time period.  The answer to the second question is clear-cut.  Under the plain language of Rule 54(d)(1), service of the application is the key date, not the filing date of the application.  <u>See</u> Fed. R. Civ. P. 54(d)(1) ("On motion <u>served</u> within 5 days" of the clerk's order settling costs, the "action of the clerk may be reviewed by the court." (emphasis added)); <u>cf.</u> Clerk's Order Settling Costs for Pls. at 5 ("Application for review by the Court, if desired, shall be <u>made</u> within five days. . . . (emphasis added).)  Contrary to Defendants' contention, Plaintiffs' application satisfied this second requirement.

However, as to the first issue, there is a clear conflict between the plain language of Rule 54(d)(1) and the Clerk's order.  The Clerk's order provides: "Application for review by the Court, if desired, shall be made within five days upon <u>receipt</u> of this order." Clerk's Order Settling Costs for Pls. at 5 (emphasis added).  Rule 54(d)(1) provides that "costs may be taxed by the clerk on one day's notice.  On motion served within five days <u>thereafter</u>, the action of the clerk may be reviewed by the court." Fed. R. Civ. P. 54(d)(1) (emphasis added).  Rule 54(d)(1) looks to the entry of the clerk's order and not to receipt of notice of the order.[2]  <u>See</u> <u>In re Paoli R.R. Yard PCB Litigation</u>, 221 F.3d 449, 458-59

---

[2] Because the timeliness of an application or motion under Rule 54(d)(1) for requesting judicial review of a clerk's cost taxation order is measured from the date of the clerk's order, and not the date of the

(3d Cir. 2000); <u>Lorenz v. Valley Forge Ins. Co.</u>, 23 F.3d 1259, 1261 (7th Cir. 1994).  <u>But see</u> <u>Nalco Chem. Co. v. Hydro Techs., Inc.</u>, 149 F.R.D. 686, 699 (E.D. Wisc. 1993) (five-day period begins to run upon receipt of notice of cost award, not from date on which clerk taxes costs).    Insofar as the Clerk's order regarding the timing of an application for judicial review conflicts with Rule 54(d)(1), the Clerk's order is void.  After allowing for the intervening weekend, pursuant to Federal Rule of Civil Procedure 6(a), Plaintiffs served their application within five days of receipt of the Clerk's order, but six days after the Clerk acted.  Consequently, the Plaintiffs' application is one day late and untimely.

The time limit imposed by Rule 54(d)(1) is not jurisdictional, however.  <u>See</u> <u>In re Paoli R.R.</u>, 221 F.3d at 459; <u>Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.</u>, 181 F.3d 759, 770 (6th Cir. 1999); <u>Lorenz</u>, 23 F.3d at 1261; <u>McLeod, Alexander, Powel & Apffel, P.C. v. Quarels</u>, 23 F.3d 1482, 1488 n.6 (5th Cir. 1990).  Because the Clerk's order may have misled the parties as to the calculation of time under Rule 54(d)(1), I will exercise my discretion and rule on Plaintiffs' application.

## III.    DETERMINATION OF COSTS

The Court applies a <u>de novo</u> standard in reviewing the Clerk's taxation order.  <u>See</u> <u>Furr v. AT&T Techs., Inc.</u>, 824 F.2d 1537, 1550 n.11 (10th Cir. 1987).  In reviewing the

---

notice of the order, Federal Civil Procedure Rule 6(e) (and its allowance for three additional days for mailing) does not apply.  <u>See</u> <u>Lorenz v. Valley Forge Ins. Co.</u>, 23 F.3d 1259, 1261 (7th Cir. 1994) (five-day period begins with clerk's entry of order taxing costs, rather than with service of order, so Rule (6)(e) inapplicable).  <u>But see</u> <u>Marino v. Town of Kirkland</u>, 146 F.R.D. 49, 50-51 (N.D.N.Y. 1993) (receipt of notice began running of clock and motion was timely because three days had to be added for mailing pursuant to Rule 6(e)).

propriety of the taxation of costs, the applicable federal statutes and local rules must be read together.

**A.  Choice of Law**

Plaintiffs contend that New Mexico Civil Procedure Rules 1-068 and 1-054(D) apply to the determination of costs in this case.  Plaintiffs provide two reasons for the applicability of state law, and not federal law: (1) Defendants' citation to New Mexico Rule 1-068 in their offer of judgment and (2) costs are a substantive matter and not a procedural matter, and, thus, in this diversity case, state law applies.  Defendants respond that under Tenth Circuit law costs are procedural matter and, thus, federal law applies.

Plaintiffs have cited no authority for the proposition that state law applies to a cost determination in a federal diversity case if the offer of judgment was made pursuant to state law.  Defendants' erroneous citation in their offer of judgment is insufficient to void any applicable federal law.  Defendants, however, also are incorrect in their contention that federal law always determines costs.

"[F]ederal courts adjudicating diversity jurisdiction claims should apply substantive state law and federal procedure law."  Trierweiler v. Croxton and Trench Holding Corp., 90 F.3d 1523, 1539 (10th. Cir. 1996) (citation omitted) (citing Erie R.R. Co. v. Tompkins, 304 U.S.64 (1938)). While "the line between substance and procedure has proven difficult to demarcate," id., a few tests have been devised.  Where a federal rule of procedure is "directly on point" or where a state rule "collides with any federal procedure rule," the federal procedure rule applies.  Id.; see Hanna v. Plumer, 380 U.S.

460, 470-71 (1965). Specifically as to the issue of costs, state law applies if (1) the costs allowed under state law "fall outside a comprehensive federal scheme" and (2) "the state legislature has made the award of costs mandatory through a sanctioning provision analogous to a fee-shifting statute." Garcia v. Wal-Mart Stores, Inc., 209 F.3d 1170, 1178 n.8 (10th Cir. 2000). If none of the above tests apply, then a court should ask whether the particular state rule is "bound up with [state-created] rights and obligations in such a way that its application in the federal courts is required." Trierweiler, 90 F.3d at 1539 (internal quotation omitted) (alteration in Trierweiler). Additionally, a court should consider "the policies underlying the Erie rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws." Id. (internal quotations omitted).

1.  Rule 68 or Rule 1-068

Plaintiffs argue that under New Mexico Rule 1-068 allowance of their requested costs are mandatory because Defendants' offer of judgment ($5,000.00) was less than the judgment awarded Plaintiffs ($50,000.00). Federal Rule 68 and New Mexico Rule 1-068 are virtually identical.[3] The plain language of both rules governs the award of postoffer costs to a defendant – if a defendant makes a settlement offer which is refused, and the

---

[3] The federal rule provides: "At any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party. . . . If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. . . ." Fed. R. Civ. P. 68. The state rule provides: "At any time more than ten (10) days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him. . . . If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer. . . ." N.M. R. Ann. 1-068 (2000).

7

plaintiff receives a judgment equal to or less than the offer, then the plaintiff must pay the defendant's postoffer costs, as well as his or her own postoffer costs.  See Gudenkauf v. Stauffer Communications, Inc., 158 F.3d 1074, 1083 (10th Cir. 1998) ("Rule 68 . . . provides that if a defendant [the offeror] makes a pretrial settlement offer which the plaintiff [the offeree] rejects, and the plaintiff thereafter prevails on the merits but recovers less than the amount of the settlement offer, the plaintiff must pay the costs incurred [by both parties] after the offer was made."); Dunleavy v. Miller, 116 N.M. 353, 361, 862 P.2d 1212, 1220 (1993); see also Knight v. Snap-On Tools Corp., 3 F.3d 1398, 1404, 1405 (10th Cir. 1993); American Ins. Co. v. El Paso Pipe and Supply Co., 978 F.2d 1185, 1193 (10th Cir. 1992).  Federal Rule 68 and New Mexico 1-068 sanction plaintiffs who fail to consider adequate settlement offers.  Contrary to Plaintiffs' contention, Rules 68 and 1-068 do not work in reverse by sanctioning defendants who make inadequate offers.

The judgment awarded Plaintiffs was more favorable than the offer made by Defendants.  Therefore, the question of whether Federal Rule 68 or New Mexico Rule 1-068 applies is moot because both rules are inapplicable.  See Garcia, 209 F.3d at 1176 (Rule 68 governs defendants' costs, and therefore is not directly on point in case where plaintiffs' requesting costs); Dunleavy, 116 N.M. at 361, 862 P.2d at 1220 (1993); see also Delta Air Lines, Inc. v. August, 450 U.S. 346, 351 (1981) ("Obviously, [Rule 68's words "judgment finally obtained by the offeree . . . not more favorable than the offer"]

do not encompass the third situation – a judgment in favor of the offeree that is <u>more favorable</u> than the offer.").

2.   Rule 54(d) or Rule 1-054(D)

Plaintiffs also argue that the determination of costs should be based upon New Mexico Rule 1-054(D). Federal Rule 54(d)(1) and New Mexico Rule 1-054(D) are very similar. See <u>In re Adoption of Stailey</u>, 117 N.M. 199, 203, 870 P.2d 161, 165 (Ct. App. 1994) (analyzing Rule 1-054(E) which currently is Rule 1-054(D)). Both rules concern the award of costs to the prevailing party in a lawsuit.[4] I assume Plaintiffs wish the New Mexico rule to be applied because more costs may be allowable under it than under the federal rule and because New Mexico case law may explicitly hold that a party against whom a judgment is entered cannot be the prevailing party under Rule 1-054(D).

Congress has spoken to many, if not all of, the specific costs Plaintiffs claim, preempting state law. See <u>Garcia</u>, 209 F.3d at 1177, 1179 n.10; <u>Chaparral Resources, Inc. v. Monsanto Co.</u>, 849 F.2d 1286 (10th Cir. 1988). To the extent that Congress has not spoken, there is no mandatory state law requiring an award. See <u>Garcia</u>, 209 F.3d at 1178. New Mexico Rule 1-054(D) is a discretionary rule. See <u>In re Adoption of Stailey</u>,

---

[4] The federal rule provides: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs. . . ." Fed. R. Civ. P. 54(d)(1). The state rule, in pertinent part, provides: "(1) Costs other than attorneys' fees. Except where express provision therefor is made either in a statute or in these rules, costs, but not attorneys' fees, shall be allowed as a matter of course to the prevailing party unless the court otherwise directs. . . . (2) Recoverable costs. "Costs shall be recoverable only as allowed by statute, Supreme Court rule, local district court rule and case law." N.M. R. Ann. 1-054(D) (2000).

9

117 N.M. at 203, 870 P.2d at 165.  Therefore, Federal Rule 54 applies here, and not New Mexico Rule 1-054(D).

**B.  "Prevailing Party"**

Pursuant to Federal Rule 54(d)(1), the prevailing party may be awarded costs.  A party in whose favor judgment is rendered is generally the prevailing party for purposes of Rule 54(d)(1).  See Howell Petroleum Corp. v. Samson Resources Co., 903 F.2d 778, 783 (10th Cir. 1990) (no authority cited for "proposition that defendant who has been found liable for a significant sum can be considered the prevailing party"); Burk v. Unified Sch. Dist. No. 329, 116 F.R.D. 16, 17 (D. Kan 1987) ("For purposes of Rule 54(d), the litigant in whose favor judgment is rendered is considered the prevailing party."); see also American Ins. Co. v. El Paso Pipe and Supply Co., 978 F.2d 1185, 1192-93 (10th Cir. 1992); All West Pet Supply Co. v.  Hill's Pet Products Div., 153 F.R.D.  667, 66869 (D. Kan. 1994).  This is not a case where the majority of issues or claims were resolved in Defendants' favor.  The jury found in favor of Plaintiffs on the issue of Defendant Devenger's negligence (and proximate cause) – although it found she was only 1% negligent and Josh Contreras was 99% negligent.  Defendants have not cited, nor could I find, any federal authority for the proposition that in a case such as this Defendants are the prevailing party.  See Tunison v. Continental Airlines Corp., Inc., 162 F.3d 1187, 1191 (D.C.Cir.1998) (defendant against whom judgment has been entered was not prevailing party, as defendant "cited no case in which a party against whom judgment was entered was held to be prevailing").  Because the non-nominal Judgment was for

Plaintiffs and against Defendants, Plaintiffs are the prevailing party.  Defendants are not entitled to costs under Rule 54(d)(1).

District of New Mexico Local Civil Rule 54.3 (Costs in Comparative Fault Cases) is not contrary to this conclusion nor does it compel an award of costs to Defendants. Local Rule 54.3 provides: "In comparative fault cases, each party is taxed a percentage of the total taxable costs.  The percentage of costs taxed need not equal the percentage of a party's fault; distribution of costs is left to the Court's discretion." D.N.M.LR-Civ. 54.3. The Clerk applied this rule in awarding Defendants 99% and Plaintiffs 1% of their allowed costs.  However, Local Rule 54.3 only applies to taxable costs.  Defendants have no taxable costs because they are not the prevailing party under Federal Rule 54(d)(1). Therefore, the Clerk's taxation of costs in Defendants' favor will be vacated.

## C.  Plaintiffs' Costs

Plaintiffs' request that if the Court applies federal law to the cost determination in this case, that the Court fairly apply Local Rule 54.3 and take into consideration the gap between Defendants' $5,000.00 settlement offer and the $50,000.00 judgment Plaintiffs received.  Plaintiffs do not challenge the Clerk's denial under federal law of any specific cost.[5]

---

[5] For example, Plaintiffs sought expert witness fees and costs for their non-Court appointed expert witnesses. Under Local Rule 54.2(c)(2), if an expert witness is not appointed by the Court, expert witness fees for that expert witness are not allowed. The Clerk, therefore, properly denied Plaintiffs' request for expert witness fees.  However, under Local Rule 54.2(c)(2), a non-Court appointed expert witness is to be paid the same fee as a lay witness.  No such fee was awarded Plaintiffs' expert witnesses.  I assume this was because Plaintiffs failed to seek such fees (in the alternative).

Pursuant to Local Rule 54.3, the percentage of costs taxed is in the Court's discretion. While Plaintiffs seek a higher percentage of costs taxed than the 1% selected by the Clerk, I note that Plaintiffs' costs could be denied in their entirety because Josh Contreras was found to be 99% at fault. See Zeran v. Diamond Broad., Inc., 203 F.3d 714, 722 (10th Cir. 2000) (Although Rule 54 creates a presumption that a court will award costs to the prevailing party, it is in the court's discretion not to award such costs if there is valid reason for doing so.); AeroTech, Inc. v. Estes, 110 F.3d 1523, 1526-27 (10th Cir. 1997). Plaintiffs' costs also could be denied in their entirety because the $50,000.00 judgment they received was less than the $75,000.00 amount in controversy required to invoke federal jurisdiction. See 28 U.S.C. § 1332(b) (where plaintiff files case originally in federal court and receives judgment less than $75,000, district court may deny costs to plaintiff and may impose costs on plaintiff); see also Jordan F. Miller Corp. v. Mid-Continent Aircraft Service, Inc., 173 F.3d 863, 1999 WL 164955 at *3 (10th Cir. Mar. 24, 1999) (unpublished disposition). Weighing the difference between the settlement offer and the judgment, the amount of the judgment, and the comparative fault of Plaintiffs and Defendants, I agree with the Clerk that the percentage of costs taxed in favor of Plaintiffs under Rule 54(d)(1) and Local Rule 54.3 should equal the percentage of Plaintiffs' non-fault, or 1%.

**THEREFORE, IT IS ORDERED** that Plaintiffs' Application for Review of Clerk's Order Settling Costs for Plaintiffs, filed September 18, 2000 [Doc. No. 140], is hereby PARTIALLY GRANTED AND PARTIALLY DENIED. The Clerk's Order

Settling Costs for Plaintiffs, filed September 7, 2000 [Doc. No. 138], is hereby AFFIRMED. Costs are TAXED against Defendants and in favor of Plaintiffs in the total amount of $64.13. The Clerk's Order Settling Costs for Defendants, filed September 7, 2000 [Doc. No. 139], is hereby VACATED.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiffs: James K. Gilman, GILMAN LAW FIRM, Albuquerque, New Mexico, and Joseph M. Ricci, ALEXANDER & RICCI, L.L.C., Colorado Springs, Colorado

Counsel for Defendants: Louis N. Colón and J. Duke Thornton, BUTT, THORNTON & BAEHR, P.C., Albuquerque, New Mexico